**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4454**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDESIA JUINIZE MAY, a/k/a Red, a/k/a Reds,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cr-00007-LMB-1)

Submitted: May 28, 2020                                    Decided: July 1, 2020

Before NIEMEYER, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark S. Thrash, Arlington, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, David A. Peters, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendesia Juinize May was convicted after a jury trial of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2018). The district court sentenced May to 168 months' imprisonment. May appeals, asserting that the district court erred in instructing the jury and in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. Finding no error, we affirm.

May first challenges the district court's rejection of his requested buyer-seller jury instruction. We review the denial of a proposed jury instruction for abuse of discretion. *United States v. Sonmez*, 777 F.3d 684, 688 (4th Cir. 2015). A district court abuses its discretion in refusing to provide a requested instruction "only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Savage*, 885 F.3d 212, 223 (4th Cir. 2018) (internal quotation marks omitted). Because May did not object to the denial of his proposed jury instruction contemporaneous to the jury instructions the court ultimately gave, we review for plain error. *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). Under this standard, May "has the burden to show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* If May makes this showing, we "may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

2

May contends that the court erred in declining a buyer-seller jury instruction because the evidence established, at most, a series of purchases or sales of methamphetamine. We disagree. The Government adduced evidence establishing that May worked closely with Gabriel Figueroa to maintain a methamphetamine distribution scheme. Figueroa sold his distribution contacts in the Washington, D.C., area to May in the form of a mobile phone. He also introduced clients to May. Further, May consented to continue a distribution stream by buying certain quantities of methamphetamine at an established price from Figueroa. There was also evidence of other distributors and Figueroa's past clients working with May. Moreover, the district court's instructions accurately stated the law and did not impair May's defense to the conspiracy charge. The court instructed the jury on the difference between conspiracy and distribution and explained that May was only charged with conspiracy. May therefore fails to establish plain error, as the evidence presented at trial did not support a buyer-seller instruction.

May also challenges the denial of his motion for acquittal. "We review a district court's denial of a motion for acquittal de novo." *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). A jury verdict should be affirmed where, "viewing the evidence in the light most favorable to the prosecution, [it] is supported by substantial evidence." *United States v. King*, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). Substantial evidence is that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Denial of such a motion "is proper where, viewed in the light most favorable to the

3

prosecution, substantial evidence supports a guilty verdict." *Zelaya*, 908 F.3d at 925. While this standard presents a "heavy burden" for defendants, reversal is appropriate when "the prosecution's failure is clear." *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017).

To prove a drug conspiracy pursuant to 21 U.S.C. § 846, the Government must establish that (1) May "entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1)"; (2) that May knew of the conspiracy; and (3) that May "knowingly and voluntarily participated in the conspiracy." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotation marks omitted). Conspiracy may be proven by circumstantial evidence. *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). The existence of a buyer-seller relationship, without more, is insufficient to support a conspiracy conviction. *See Howard*, 773 F.3d at 525. However, evidence of a buy-sell transaction, "when coupled with evidence of large quantities of drugs, or continuing relationships and repeated transactions, creates a reasonable inference of an agreement." *United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011) (internal quotation marks omitted).

May argues that the Government failed to prove he was involved in a conspiracy. The record, however, does not support this claim. The trial evidence established May's relationships with his coconspirators, their drug transactions, their mutual interest in the local drug market, and their mutual agreement to supply and distribute methamphetamine. After review of the record, we conclude that May agreed with others to distribute methamphetamine, that he knew of the conspiracy, and that he knowingly and voluntarily

4

participated in a scheme to do so. *See Howard*, 773 F.3d at 525. We therefore conclude that the district court did not err in denying May's Rule 29 motion.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*